# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No.**: 0:20-cv-62368

**MATTHEW SOBOLESKI**,

      Plaintiff**,**

v.

**HUGHES, MARTINI & ASSOCIATES, LLC**, and **DRYWIZARD DRYWALL SERVICES, INC.**,

      Defendants**.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Matthew Soboleski ("Plaintiff") sues Defendant Hughes, Martini & Associates, LLC, and Defendant Drywizard Drywall Services, Inc., (collectively, the "Defendants") for violations the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.  Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. § 1367.

3.  Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

## PARTIES

4.  Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5.     Defendant Hughes, Martini & Associates, LLC ("Defendant-DC") is a Florida limited liability partnership, with its principal place of business located in Delray Beach, Florida.

6.     Defendant Drywizard Drywall Services, Inc. ("Defendant-Creditor") is a Florida corporation, with its principal place of business located in Valrico, Florida.

## DEMAND FOR JURY TRIAL

7.     Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8.     This action involves an alleged debt arising from a transaction between Defendant-Creditor, as the original creditor, and Plaintiff, of which was primarily for the personal benefit of Plaintiff, Plaintiff's family, as well as members of Plaintiff's household (the "Consumer Debt"). Specifically, the Consumer Debt is the money Defendant-Creditor claims it (Defendant-Creditor) is owed for home repair services Defendant-Creditor afforded to Plaintiff.

9.     Plaintiff is the alleged debtor of the Consumer Debt.

10.    Defendant-Creditor is the current creditor of the Consumer Debt.

11.    On a date better known by Defendants, Defendant-Creditor referred the collection of the Consumer Debt to Defendant-DC.

12.    In referring and/or assigning the collection of the Consumer Debt to Defendant-DC, Defendant-Creditor disclosed to Defendant-DC *false* information about Plaintiff and/or information that Defendant-DC had no *legitimate* business need for, the likes of which affected the reputation of Plaintiff. For example, Defendant-Creditor falsely disclosed to Defendant-DC, *among other things*, that the Consumer Debt was a debt owed by Plaintiff to Defendant-Creditor and that Plaintiff failed to repay Defendant-Creditor (the "Disclosure").

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

13.     The Disclosure affected Plaintiff's reputation. For example, the disclosure affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness.

14.     On date better known by Defendant-DC, Defendant-DC began attempting to collect the Consumer Debt from Plaintiff.

15.     Defendant-DC is a debt collector governed by both the FDCPA and FCCPA.

16.     Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

17.     Defendant-DC is a business entity engaged in the business of collecting consumer debts.

18.     Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19.     Defendant-DC is an entity required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect consumer debts in Florida.

20.     The Consumer Debt is a debt which Defendant-DC must possess a valid Consumer Collection Agency license to lawfully collect or attempt to collect from Plaintiff.

21.     Defendant-DC is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

22.     Defendant-DC's "Consumer Collection Agency" license number is CCA9903747.

23.     For Defendant-DC's "Consumer Collection Agency" license to remain valid, Defendant-DC is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24.     Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

25.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

26.     On October 29, 2020, at 12:05 PM, Defendant-DC sent Plaintiff an e-mail (the "Collection Letter") in an attempt to collect the Consumer Debt from Plaintiff. Attached hereto as Exhibit "A" is a copy of the Collection Letter.

27.     In the Collection Letter, Defendant-DC states:

> Subject: Case#JFH89927 Drywizard Drywall vs. Matthew Soboleski et al.
>
> Matthew,
>
> We are writing concerning the amount of $4,671.00 which is due our client Drywizard Drywall Services. Despite numerous requests for payment as well as providing several different options to satisfy your past due balance, your account remains outstanding.  All of my client's attempts to avoid litigation and resolve this matter amicably have been ignored.
>
> If this account is not resolved immediately we reserve the right to commence legal proceedings to recover the debt without further notice to you, and you may be responsible for any associated legal fees or collection costs once your account has been forwarded to our local counsel.
>
> If you wish to prevent this, please contact the undersigned as a matter of urgency and settle your account before any further legal actions have commenced.

See Exhibit A (the Collection Letter).

28.     The Collection Letter represents Defendant-DC's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

29.     Defendant-DC did not disclose in the Collection Letter that Defendant-DC is a debt collector.

30.     Defendant-DC did not disclose in the Collection Letter that Defendant-DC is attempting to collect a debt and that any information obtained will be used for that purpose.

31.     The Subject of the Collection Letter is: "**Case#JFH89927 Drywizard Drywall vs. Matthew Soboleski et al.**" *See* <u>Exhibit A</u> (emphasis original).

32.     The Collection Letter does not contain the information and/or disclosures required by 15 U.S.C. § 1692g(a), *namely*, the statements required by § 1692g(a)(3)-(5).

33.     Defendant-DC did not provide Plaintiff with the information and/or disclosures required by 15 U.S.C. § 1692g(a), *namely*, the statements required by § 1692g(a)(3)-(5), within five (5) days of Defendant-DC's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

34.     Defendant-DC is not an attorney.

35.     Defendant-DC is not a law firm.

36.     Defendant-DC is a debt collector that masquerades as a law firm and/or attorney.

37.     Defendant-DC *knew* that it could not "commence legal proceedings to recover [the Consumer Debt]" from Plaintiff "without further notice" to Plaintiff.

38.     By way of documents and information Defendant-DC maintains in accordance with Rule 69V-180.080, Florida Administrative Code,  Defendant-DC *knew* that Plaintiff **was not** responsible for *any* legal fees or collection costs incurred "once [the Consumer Debt] has been forwarded to [Defendant-DC's] local counsel."

39.     Defendant-DC *knew* that it did not have any contractual or legal authority to assert that, "once [the Consumer Debt] has been forwarded to [Defendant-DC's] local counsel, " Plaintiff could be responsible for any legal fees or collection costs incurred.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

40.     In the Collection Letter, Defendant-DC falsely represents that legal action has been commenced against Plaintiff, as Defendant-DC asserts that Plaintiff *needs* to "contact the undersigned as a matter of urgency and settle [the Consumer Debt] before any **further legal actions** have been commenced." *See* <u>Exhibit A</u> (emphasis added).

***COUNT 1***
**<u>VIOLATION OF 15 U.S.C. § 1692e(11)</u>**
(*against Defendant-DC*)

41.     Plaintiff incorporates by reference paragraphs 1-40 of Complaint as though fully stated herein.

42.     As stated above, Defendant-DC is a debt collector governed by the FDCPA, the underlying debt (*i.e.*, the Consumer Debt) is a debt within the meaning of the FDCPA, and in attempting to collect the Consumer Debt from Plaintiff, Defendant-DC engaged in conduct prohibited by the FDCPA. Here, Defendant-DC violated 15 U.S.C. § 1692e(11) when it (Defendant-DC) sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, as Defendant-DC failed to disclose to in the Collection Letter that Defendant is a debt collector, that the Collection Letter was an attempt to collect a debt, and that any information obtained will be used for that purpose. As such, by and through the Collection Letter, Defendant-DC violated § 1692e(11) of the FDCPA.

43.     WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

(a)     Statutory damages as provided by 15 U.S.C. § 1692k;

(b)     Actual damages as provided by 15 U.S.C. § 1692k;

(c)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(d)     Any other relief that this Court deems appropriate under the circumstances.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*COUNT 2*
**VIOLATION OF 15 U.S.C. § 1692g(a)**
(*against Defendant-DC*)

44.     Plaintiff incorporates by reference paragraphs 1-40 of Complaint as though fully stated herein.

45.     As sated above, the Collection Letter represents Defendant-DC's initial communication with Plaintiff in connection with the collection of the Consumer Debt; however, the Collection Letter did not contain the information and/or statements explicitly required by 15 U.S.C. § 1692g(a)(3)-(5) and Plaintiff was not notified of said omitted disclosures within five (5) days of receiving the Collection Letter. Thus, Defendant-DC violated 15 U.S.C. § 1692g(a) by failing provide Plaintiff the information and/or statements required by § 1692g(a)(3)-(5).

46.     WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

      (a)     Statutory damages as provided by 15 U.S.C. § 1692k;

      (b)     Actual damages as provided by 15 U.S.C. § 1692k;

      (c)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

      (d)     Any other relief that this Court deems appropriate under the circumstances.

*COUNT 3*
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
(*against Defendant-DC*)

47.     Plaintiff incorporates by reference paragraphs 1-40 of Complaint as though fully stated herein.

48.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). (emphasis added).

49.     As stated above, Defendant-DC is not an attorney, Defendant-DC is not a law firm and Defendant-DC knew that it could not "commence legal proceedings to recover [the Consumer Debt]" from Plaintiff "without further notice" to Plaintiff the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt.

50.     Further, Defendant-DC knew that it did not have any contractual or legal right to assert that, "once [the Consumer Debt] has been forwarded to [Defendant-DC's] local counsel, " Plaintiff could be responsible for any legal fees or collection costs incurred."

51.     Finally, In the Collection Letter, Defendant-DC falsely represents that legal action has been commenced against Plaintiff, as Defendant-DC asserts that Plaintiff needs to "contact the undersigned as a matter of urgency and settle [the Consumer Debt] before any further legal actions have been commenced." *See* Exhibit A (emphasis added).

52.     In light of the above, Defendant-DC violated 15 U.S.C. § 1692e(2)(A) by and through the Collection Letter, in that, Defendant-DC deceptively and falsely represented both Defendant-DC's status as a law firm and the legal status of the Consumer Debt.

53.     WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

(a)     Statutory damages as provided by 15 U.S.C. § 1692k;

(b)     Actual damages as provided by 15 U.S.C. § 1692k;

(c)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(d)     Any other relief that this Court deems appropriate under the circumstances.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*COUNT 4*
**VIOLATION OF 15 U.S.C. 1692e(3)**
(*against Defendant-DC*)

54.     Plaintiff incorporates by reference paragraphs 1-40 of Complaint as though fully stated herein.

55.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney.*" 15 U.S.C. 1692e(3). (emphasis added).

56.     Here, Defendant-DC sent the Collection Letter to Plaintiff with the subject line "Case#JFH89927 Drywizard Drywall vs. Matthew Soboleski et al." In addition, the signature bloc of the Collection Letter is signed: "James Hughes, Hughes, Martini & Associates, Corporate Offices of MHG". *See* Exhibit A.   The aforementioned, combined with the threats of litigation contained within the Collection Letter, are designed to imply that the Collection Letter is a communication from an attorney.

57.     Further, Defendant-DC knew that it did not have any contractual or legal right to assert that, "once [the Consumer Debt] has been forwarded to [Defendant-DC's] local counsel, " Plaintiff could be responsible for any legal fees or collection costs incurred."

58.     Finally, in the Collection Letter, Defendant-DC falsely represents that legal action has been commenced against Plaintiff, as Defendant-DC asserts that Plaintiff needs to "contact the undersigned as a matter of urgency and settle [the Consumer Debt] before any further legal actions have been commenced." *See* Exhibit A.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

59.     As the forgoing makes clear, Defendant-DC is not an attorney nor is Defendant-DC a law firm.

60.     As such, Defendant-DC violated § 1692e(3) of the FDCPA, by and through the Collection Letter, by falsely representing and/or imply to the least sophisticated consumer that the Collection Letter was a communication from an attorney.

61.     WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

        (a)     Statutory damages as provided by 15 U.S.C. § 1692k;

        (b)     Actual damages as provided by 15 U.S.C. § 1692k;

        (c)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

        (d)     Any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### VIOLATION OF FLA. STAT. § 559.72(9)
(*against Defendant-DC and Defendant-Creditor*)

62.     Plaintiff incorporates by reference paragraphs 1-40 of Complaint as though fully stated herein.

63.     Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]*laim, attempt, or threaten to enforce a debt when such Person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

64.     As stated above, Defendant-DC, by and through the Collection Letter, attempted to collect the Consumer Debt from Plaintiff. In so doing, however, Defendant failed to disclose in

PAGE | **10** of **14**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the Collection Letter that Defendant was a debt collector, that the Collection Letter was an attempt to collect a debt, and that any information obtained will be used for debt collection purposes.

65.     As an entity registered with the Florida Department of State as a consumer collection agency, Defendant-DC knew that to lawfully attempt to collect a consumer debt, a debt collector must, among other things, disclose to the consumer that it is a debt collector and that any information obtained will be used for debt collection purposes in each communication with the consumer. Thus, by and through the Collection Letter, Defendant-DC violated § 559.72(9) of the FCCPA when it (defendant-DC) asserted a right which it knew did not exist, namely, the right to engage in debt collection without disclosing to the consumer that Defendant-DC was, in fact, a debt collector attempting to collect a debt and that any information Defendant-DC obtained from Plaintiff would be used for debt collection purposes.

66.     At minimum, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

67.     Defendant-Creditor purposely provided Defendant-DC with the information to collect the Consumer Debt from Plaintiff, of which included Plaintiff's contact information, the nature of the Consumer Debt, and the amount purportedly owed by Plaintiff.

68.     As such, the above-mentioned violation of § 559.72(9) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

69.     WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

(a)     Statutory damages as provided under Fla. Stat. § 559.77(2);

(b)     Actual damages as provided under Fla. Stat. § 559.77(2);

(c)     Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and

(d)     Any other relief that this Court deems appropriate under the circumstances.

### COUNT 6
### VIOLATION OF FLA. STAT. § 559.72(11)
(*against Defendant-DC and Defendant-Creditor*)

70.     Plaintiff incorporates by reference paragraphs 1-40 of Complaint as though fully stated herein.

71.     Pursuant to § 559.72(11) of the FCCPA, in collecting consumer debts, no person shall: "*[c]ommunicate with a debtor under the guise of an attorney by using the stationery of an attorney or forms or instruments that only attorneys are authorized to prepare.*" Fla. Stat. § 559.72(11) (emphasis added). Here, the Collection Letter uses Defendant-DC's fake law firm signature block and a fabricated case number followed by a fabricated case style, despite the fact that the Collection Letter was *not* correspondence sent by Defendant-DC in its capacity as an attorney or law firm.

72.     At minimum, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

73.     Defendant-Creditor purposely provided Defendant-DC with the information to collect the Consumer Debt from Plaintiff, of which included Plaintiff's contact information, the nature of the Consumer Debt, and the amount purportedly owed by Plaintiff.

74.     As such, the above-mentioned violation of § 559.72(11) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

75.     WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

(a)     Statutory damages as provided under Fla. Stat. §559.77(2);

(b)     Actual damages as provided under Fla. Stat. § 559.77(2);

(c)     Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(d)     Any other relief that this Court deems appropriate under the circumstances.

### COUNT 7
### VIOLATION OF FLA. STAT. § 559.72(5)
(*against Defendant-Creditor*)

76.     Plaintiff incorporates by reference paragraphs 1-40 of Complaint as though fully stated herein.

77.     Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

78.     Despite knowing that it (Defendant-Creditor) did not have any statutory right or contractual authority to collect the Consumer Debt from Plaintiff, Defendant-Creditor, nevertheless, referred the collection of the Consumer Debt to Defendant-DC. In so doing, Defendant-Creditor disclosed to Defendant-DC *false* information about Plaintiff and/or information that Defendant-DC had no *legitimate* business need for, whereby said disclosure harmed, among other things, Plaintiff's reputation for truthfulness, Plaintiff's reputation regarding the repayment of debts, and Plaintiff's reputation of solvency.

79.     Thus, in light of the above, Defendant-Creditor violated § 559.72(5) of the FCCPA by referring the collection of the Consumer Debt to Defendant-DC for collection.

80.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-Creditor, awarding Plaintiff the following relief:

(a)     Statutory damages as provided under Fla. Stat. § 559.77(2);

(b)     Actual damages as provided under Fla. Stat. § 559.77(2);

(c)     Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(d)     Any other relief that this Court deems appropriate under the circumstances.

DATED: November 19, 2020

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:        855-529-9540

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com